IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MANUEL GONZALEZ | CRIMINAL ACTION<br>NO. 14-00015 |

**PAPPERT, J.** February 19, 2021

## MEMORANDUM

Manuel Gonzalez seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motion because extraordinary or compelling reasons do not warrant Gonzalez's release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

On November 24, 2014, a jury convicted Gonzalez of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Jury Verdict Form, ECF No. 51); (Judgment 1, ECF No. 69). On August 7, 2013, officers saw him collect approximately $1,000 cash from a corner drug dealer, get in his car and drive away. *See* (Gov't Resp. 1, ECF No. 106); (PSR ¶ 8.) They stopped the car and found a loaded gun with a partially obliterated serial number in Gonzalez's possession. (*Id.* at 1–2.)

Gonzalez could not legally possess a gun because he had prior felony convictions. *See* (PSR ¶ 12). His criminal history includes one conviction for manufacture, delivery or possession with intent to distribute heroin and two convictions for crimes of violence involving robbery and/or kidnapping at gunpoint. (PSR ¶¶ 28–30.) He was paroled for

1

both crimes of violence in January of 2012 and committed the instant offense while on parole. *See* (PSR ¶¶ 29–30); (Gov't Resp. 13).

On March 17, 2015, Gonzalez was sentenced to 200 months' imprisonment based in part on a sentencing enhancement under the Armed Career Criminal Act. (Judgment 2); (Am. Judgement 2, ECF No. 70); (PSR ¶ 24). But in 2017, the Court granted Gonzalez's Motion to Vacate his sentence and found he was not an armed career criminal under 18 U.S.C. § 924(e) pursuant to the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, 576 U.S. 591 (2015). *See generally* (Mot. to Vacate, ECF No. 82); (Order Vacating Sentence, ECF No. 88). The Court re-sentenced Gonzalez without the ACCA enhancement to 120 months' imprisonment on December 8, 2017. (Second Am. Judgment 2, ECF No. 98.)

Gonzalez is forty-three years old and, counting accrued good time credit, he has served approximately ninety-four months of his sentence. (Gov't Resp. 3.) He accrued one disciplinary infraction in June of 2019 for illegally possessing a tattoo gun. (*Id.*) His current anticipated release date is September 23, 2022. (*Id.*)

B

Following the onset of the COVID-19 pandemic, Gonzalez petitioned the warden at FCI Hazelton for compassionate release based on his medical conditions, including high blood pressure, obesity, prediabetes and an irregular heartbeat, as well as a purported likelihood that he will contract the virus while in prison. (Mot. for Release 2, ECF No. 102.) The warden denied his request. (*Id.* at 2, Ex. 2.) Having exhausted his prison remedies, Gonzales now moves *pro se* for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A) for the same reasons articulated in his warden request.[1]  *See generally* (*id.* at 1–3).

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction ; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include "the history and characteristics of the defendant" and the "need for the sentence imposed—to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense . . . afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant."  *Id.* at § 3553(a)(1), (2)(A)-(C).  The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release.  U.S.S.G. § 1B1.13.

B

Gonzalez has not presented extraordinary and compelling reasons for his release.  His medical records from the past year confirm he suffers from high blood pressure without hypertension and prediabetes and is obese with a BMI between 35

---

[1] The Federal Community Defender Office declined to seek compassionate release on Gonzalez's behalf. *See* (Order Referring Motion for Release, ECF No. 103); (Letter Declining to Seek Release, ECF No. 105).

and 35.9. *See, e.g.*, (Gov't Ex. A 4, 8, 11, 31, ECF No. 107); (Gov't Resp. 3).² Prediabetes is not a COVID-19 risk factor. *See* Coronavirus Disease 2019, *People at Increased Risk*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 19, 2021). High blood pressure "might" increase Gonzalez's risk for severe illness from COVID-19 according to "mixed evidence" reviewed by the CDC. *See id.*; *see also* COVID-19 (Coronavirus Disease), *Evidence Used to Update the List of Underlying Medical Conditions that Increase a Person's Risk of Severe Illness from COVID-19*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited Feb. 19, 2021). But neither Gonzalez nor his medical records numerically pinpoint his blood pressure, and "courts routinely hold that compassionate release is not warranted" where there is no indication a defendant's high blood pressure cannot be properly controlled with medication or other medical care. *See United States v. Ackerman*, No. 11-740-KSM-1, 2020 WL 5017618, at *5 (E.D. Pa. Aug. 25, 2020) (collecting cases involving defendants with hypertension and/or high blood pressure); *see also United States v. Martines*, No. 94-127-3, 2021 WL 427285, at *5 (E.D. Pa. Feb. 8, 2021) (high blood pressure managed by medication insufficient to show increased risk of severe illness or death from COVID-19); *United States v. Johnson*, No. 2:08-285, 2021 WL 268887, at *7 (W.D. Pa. Jan. 27, 2021) (no evidence defendant faced unique risk of serious consequences from

---

² Gonzalez's medical records do not show he has an irregular heartbeat. *See generally* (Gov't Ex. A). Even if he did, as alleged it is not a COVID-19 risk factor. *See* Coronavirus Disease 2019, *People at Increased Risk*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 19, 2021) (stating heart conditions that increase risk of severe illness from COVID-19 include heart failure, coronary artery disease, cardiomyopathies and pulmonary hypertension).

COVID-19 where, *inter alia*, high blood pressure was being treated by three kinds of medication); *United States v. Hammond*, No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020) ("[Defendant] did not convince the court that his high blood pressure, which is being monitored and stabilized by medication, makes him particularly vulnerable" to COVID-19.").

Gonzalez's obesity, absent other evidence of conditions placing him at serious risk of illness from COVID-19, does not warrant a reduction in his sentence. Even though the Government says his obesity "permits consideration for compassionate release during the pandemic," (Gov't Resp. 12), numerous courts in this Circuit have held that a BMI around or moderately above 35 is insufficient to present an extraordinary and compelling reason that may warrant release. *See, e.g.*, *United States v. McLaughlin*, No. 17-121-2, 2021 WL 620958, at *6–7 (E.D. Pa. Feb. 17, 2021) (BMI of 34 and mild asthma not extraordinary and compelling reason for release); *United States v. Bell*, No. 15-cr-603, 2021 WL 303009, at *2 (D.N.J. Jan. 29, 2021) (BMI of 37.7 not extraordinary and compelling); *United States v. Donaghy*, No. 17-039, 2020 WL 4805353, at *3 (E.D. Pa. Aug. 18, 2020) (BMI of 34, smoking history and heart conditions not extraordinary and compelling); *United States v. Holmes*, No. 08-495, 2020 WL 4504440, at *2 (E.D. Pa. Aug. 5,2020) (BMI of 36.8, medicated asthma and hypertension not extraordinary and compelling for forty-six-year-old); *United States v. Davenport*, No. 1:08-CR-424, 2020 WL 3432630, at *3 (M.D. Pa. June 23, 2020) (BMI of 39.2, hypertension, hyperlipidemia and sleep apnea not extraordinary and compelling); *United States v. Bleicher*, No. 19-99, 2020 WL 2744606, at *3 (D.N.J. May 27, 2020) (BMI of 37.3, high blood pressure and past respiratory issues not extraordinary and

compelling).

C

Even if extraordinary and compelling reasons did exist for Gonzalez's release, the 18 U.S.C. § 3553(a) factors counsel against releasing him. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release); *United States v. Lugo*, 832 F. App'x 799, 800–01 (3d Cir. 2021) (per curiam) (same). Gonzalez earned his sentence by possessing a loaded gun while on parole for two other offenses involving dangerous firearm use. His choice to possess the gun after serving long sentences for these offenses shows the Court that releasing him early would not reflect the seriousness of his offense, promote respect for the law, provide just punishment or afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). And because of his recurrent misuse of firearms, the Court cannot say Gonzalez does not present a danger to the community. *See id.* at §§ 3142(g), 3553(a)(2)(C).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

6